IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| L.M.L, K.G.S, on behalf of themselves and all those similarly situated, | § § § | No. 1:26-CV-01170-DAE |
| Plaintiffs, | § § § | |
| vs. | § § § | |
| FREEMAN F. MARTIN in his official capacity as Director of the State of Texas Department of Public Safety, | § § § § | |
| Defendant. | § § § | |
| _____ | § | |

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR
EXPEDITED DISCOVERY AND GRANTING MOTION TO PROCEED
ANONYMOUSLY

Before the Court is Defendant Freeman F. Martin's ("Defendant")

Amended Opposed Motion for Expedited Discovery,  (Dkt. # 23), and Plaintiff's

Motion to Proceed Anonymously.  (Dkt. # 9.)  Martin seeks to depose the two

named plaintiffs in this case in advance of the preliminary injunction hearing

scheduled for Wednesday, May 13, 2026.  (Dkt. # 23 at 1.)  Plaintiffs filed a

response on May 11, 2026.  (Dkt. # 33.)  For the following reasons, the Court

**GRANTS IN PART** and **DENIES IN PART** Defendant's Amended Opposed

Motion for Expedited Discovery, (Dkt. # 23), and **GRANTS** Plaintiff's Motion for

Leave to Proceed Anonymously.  (Dkt. # 9.)

1

BACKGROUND

On May 4, 2026, Plaintiffs L.M.L. and K.G.S. ("Plaintiffs"), on behalf of themselves and all those similarly situated, filed the instant action against Defendant Martin in his official capacity as the Director of the State of Texas Department of Public Safety.  (Dkt. # 1.)  Their action challenges Defendant Martin's enforcement of Senate Bill 4, a Texas law which, among other things, creates a state crime for certain immigration offenses.  Senate Bill 4, § 2, 88th Legis., 4th Spec. Sess. (Tex. 2023) (codified at Tex. Penal Code § 51.02(a)) ("SB 4").  Plaintiffs seek to enjoin Director Martin from enforcing certain provisions of SB 4 and have filed a Motion for Preliminary Injunction seeking emergency relief in advance of May 15, 2026, when the law is set to take effect. (Dkt. ## 1, 3.)

In response, Defendant Martin filed a Motion to Dismiss for lack of subject-matter jurisdiction on May 8, 2026.  (Dkt. # 25.)  They additionally filed a Motion for Expedited Discovery, (Dkt. # 19), and Amended Motion for Expedited Discovery, (Dkt. # 23), requesting expedited discovery in advance of the hearing on May 13, 2026.  The same day, Defendant also filed a Motion to Strike the declarations of L.M.L. and K.G.S. that accompanied Plaintiffs' Motion for Preliminary Injunction.  (Dkt. # 16.)

<u>LEGAL STANDARD</u>

I.      <u>Motion for Leave to Proceed Anonymously</u>

There is "no hard and fast formula for ascertaining whether a party may sue anonymously." <u>Doe v. Stegall</u>, 653 F.2d 180, 186 (5th Cir. 1981). Although there is a "clear and strong First Amendment interest in ensuring that what transpires in the courtroom is public property," such interests are not "inevitably compromised by allowing a party to proceed anonymously." <u>Id.</u> at 185 (internal quotations and alterations omitted). Thus, there are exceptions to Federal Rule of Civil Procedure 10(a), which requires each party to be named in the complaint. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

In <u>Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe</u>, 599 F.2d 707 (5th Cir. 1979), the Fifth Circuit identified several shared characteristics in which plaintiffs were permitted to maintain their anonymity: "(1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information 'of the utmost intimacy;' and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." <u>Stegall</u>, 653 F.2d at 185 (citing <u>Southern Methodist Univ. Ass'n</u>, 599 F.2d at 713.)

3

Although <u>Stegall</u> broadened the circumstances under which parties may continue anonymously beyond application of a "rigid three-step test" in favor of a "fact-sensitive" analysis, a review of Plaintiffs' case leads the Court to conclude that their motion should be granted even on a stricter application of the three factors.

II.     Motion for Expedited Discovery

District courts have "wide discretion" to control the "scope and pace of discovery," and that discretion extends to managing the timing of discovery.  <u>In re Ramu Corp.</u>, 903 F.2d 312, 318 (5th Cir. 1990).  Still, parties may seek expedited discovery through court order.  Fed. R. Civ. P. 26 (providing that a party may seek discovery before the Rule 26(f) conference if "authorized by . . . court order"); <u>see also</u> Fed. R. Civ. P. 34(b)(2)(A) (providing that shorter response times to discovery requests "may be ordered by the court").  Although the Federal Rules do not provide a standard for the Court to use in exercising its authority to order expedited discovery, courts generally use either (1) a "preliminary-injunction-style analysis," or (2) a "good cause standard."  <u>Stockade Cos., LLC & Stockade Franchising, LP v. Kelly Rest. Group, LLC</u>, 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017) (quoting <u>Greenthal v. Joyce</u>, 4:16-CV-41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016)).  "While the Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, the majority of courts in this Circuit have adopted the 'good cause'

4

standard."  Alamo Area Mut. Hous. Ass'n, Inc. v. Lazenby, No. 5:17-CV-634-DAE, 2017 WL 7052289, at *3–4 (W.D. Tex. July 19, 2017); see, e.g., Stockade, 2017 WL 2635285, at *2; Greenthal, 2016 WL 362312, at *1; Fiduciary Network, LLC v. Buehler, No. 3:15-CV-0808, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015); ELargo Holdings, LLC v. Doe-68.105.146.38, 318 F.R.D. 58, 61 (M.D. La. 2016).

Under the "good cause" standard for expedited discovery, "courts often consider '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'"  Stockade, 2017 WL 2635285, at *2 (quoting Greenthal, 2016 WL 362312, at *1).  The party seeking expedited discovery bears the burden of showing good cause, and the subject matter of the expedited discovery requests should be narrowly tailored in scope.  Id.; see also St. Louis Grp., Inc. v. Metals & Additives Corp., Inc., 275 F.R.D. 236, 240 (S.D. Tex. 2011).

DISCUSSION

I.   Motion for Leave to Proceed Anonymously

First, Plaintiffs challenge the actions of the Texas state government in enacting SB 4.  See Southern Methodist Univ. Ass'n, 599 F.2d at 713 (collecting

cases and observing that most successfully brought anonymous challenges contested the "constitutional, statutory, or regulatory validity of government activity").

Second, both Plaintiffs have applied for relief based on their status as the victims of crimes.  (Dkt. # 3.)  Moreover, their existence in this country as noncitizens in a time of heightened political tensions surrounding immigration risks their safety should their identities be disclosed.  Requiring Plaintiffs to publicly reveal their identities, divulging deeply personal information "of the utmost intimacy," weighs in favor of allowing them to proceed anonymously.

Finally, and perhaps most significantly, Plaintiffs have admitted to conduct which is not just prohibited by SB 4—they could face criminal charges for their prior re-entries into the United States via the Texas border under SB 4's re-entry provision.  Tex. Penal Code § 51.03.  Plaintiffs' admission of actions that would be criminalized under SB 4 weighs heavily in favor of allowing them to proceed under fictitious names.  Southern Methodist Univ. Ass'n, 599 F.2d at 713 ("many also had to admit that their either had violated state laws or government regulations or wished to engage in prohibited conduct.").

6

Accordingly, in weighing these factors and viewing the facts as a whole, the Court finds it proper to **GRANT** Plaintiffs' Motion to Proceed Anonymously.[1]  (Dkt. # 9.)

II.   Motion for Expedited Discovery

It is undisputed that a preliminary injunction motion is pending.  (Dkt. # 3.)  Thus, this first factor weighs in favor of granting expedited discovery.  In weighing the remaining factors, the Court finds that Defendant has shown good cause for its expedited discovery request.  However, given the unique circumstances of this case, the Court will additionally narrow the scope of discovery permitted at this stage.

   A. *Purpose of Discovery*

Courts allow expedited discovery at the preliminary injunction stage "to develop a factual record that will aid Defendant in responding to the PI motion."  NetChoice, LLC v. Paxton, No. 1:21-CV-840-RP, 2021 WL 7081122, at *2 (W.D. Tex. Oct. 22, 2021); see also Miner, Ltd. v. Anguiano, No. 3:19-cv-82, 2019 WL 9633302, at *2 (W.D. Tex. Mar. 20, 2019) (finding good cause existed

---

[1] The Court finds it permissible to address these pending motions before Defendant's asserted jurisdictional challenge, (Dkt. # 25), because these motions will further the purposes of resolving Defendant's Motion to Dismiss.  Indeed, "jurisdiction comes first," and jurisdiction will be addressed before considering proceeding to the underlying merits of this case.  See In re GenOn Mid-Atl. Dev., LLC, 42 F.4th 523, 533 (5th Cir. 2022) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)).

for expedited discovery to "permit the parties to collect evidence that may be presented at the hearing on the motion for preliminary injunction"); Accruent, 2017 WL 8811606, at *1 (granting defendant's request for expedited discovery to prepare for preliminary injunction hearing).

Defendant Martin states the purpose of discovery "is to learn the specific facts relevant to Plaintiffs' claim for extraordinary injunctive relief, to test the assertions of the Plaintiffs' Declarations that are made in a language that Plaintiffs do not speak, and to determine Plaintiffs' suitability to serve as class representatives. (Dkt. # 23 at 2.) To the extent Defendant seeks to "learn the specific facts relevant to Plaintiffs' claim," the Court finds that Defendant has failed to show good cause by specifying the additional information needed beyond the facts available in Plaintiffs' complaint and declarations. (See Dkt. # 33 at 3.) However, the remaining purposes, including testing the credibility of Plaintiffs' declarations as it relates to their standing and their suitability to serve as class representatives, are both issues key to the preliminary injunction Plaintiffs seek. Thus, the Court finds it proper to permit expedited discovery for these limited purposes, but as described below, will further limit Defendant's request.

### B. Breadth of Discovery

Defendant provides little detail on the breadth of his discovery requests, merely stating that the discovery would be "reasonable" and consist of (1)

8

depositions, limited to two hours of direct examination, of the two Plaintiffs, L.M.L. and K.G.S., and (2) "[p]roduction of documents related to Plaintiffs' standing and suitability to serve as class representatives." (Dkt. # 23 at 1.) Defendant further asserts two hours of deposition time is necessary because a translator would be required to depose both plaintiffs.

Plaintiffs request that the Court deny Defendants' motion in full, but in the alternative, that it limit discovery to specific subjects deemed necessary at this stage of the case and only permit Defendant to interrogatories and requests for production rather than depositions and unlimited production requests. (Dkt. # 33 at 7.) Indeed, the Court agrees that Defendant has not adequately narrowed his requests for expedited discovery at this stage to warrant granting his motion in full. Because "the subject matter related to requests for expedited discovery should be narrowly tailored in scope," the Court will limit Defendant's expedited discovery both in duration and in purpose as described *infra*.

C. *Burden to Comply with Expedited Discovery*

Plaintiffs argue that Defendant's request unduly burdens their clients. (Dkt. # 33 at 6.) They contend that "as a practical matter, Plaintiffs—each of whom has demanding work schedules and family demands—would be severely burdened by depositions on very short notice." (Id.) This factor, thus, weighs against granting the expedited discovery request.

*D. How Far in Advance Request Made*

Defendant filed his Motion for Expedited Discovery four days after the initiation of this suit and Plaintiffs' filing of their Motion for Preliminary Injunction, and three days after this Court ordered Defendant's response. (See Dkt. # 23.) The Motion for Expedited Discovery was filed five days before the scheduled hearing. (Id.) Given the shortened timeline for all parties in this matter, the Court finds this factor to be neutral.

In summary, although the Court is sensitive to the burden on Plaintiffs to attend depositions on such short notice, the pending preliminary injunction and purposes of the discovery sought weigh in favor of granting Defendant's request. Accordingly, Defendant's Motion for Expedited Discovery is **GRANTED IN PART** and **DENIED IN PART**. (Dkt. # 23.) Defendant may proceed with the following expedited discovery in advance of the preliminary injunction hearing, subject to the following parameters:

1. Before any discovery takes place, the parties shall confer and submit a joint proposed protective order to the Court on or before Monday, May 11, 2026, at 8:00 p.m.

2. Defendant is permitted to depose the two named Plaintiffs, L.M.L and K.G.S., as noticed in Defendant's Notices of Depositions. (Dkt. ## 21, 22.) However, such depositions are limited to one hour in length of

direct examination per plaintiff.  Defendant's questions must be narrowly tailored to address questions related to Plaintiffs' standing and to test assertions made in the Plaintiffs' Declarations.  The Parties may reschedule the depositions to a mutually agreeable time, to take place on Tuesday, May 12, 2026.  Depositions shall take place in accordance with the agreed protective order.

3. Defendant is allowed five interrogatories on the issue of provisional class certification.  Defendant shall serve its written interrogatories on Plaintiffs and Plaintiffs' counsel <u>on or before Monday, May 11, 2026 at 9:00 p.m.</u>  Plaintiffs shall respond to the interrogatories <u>on or before Tuesday, May 12, 2026 at 6:00 p.m.</u>

<u>CONCLUSION</u>

For the reasons discussed above, Plaintiff's Motion to Proceed Anonymously is **GRANTED**.  (Dkt. # 9.)  Defendant's Motion for Expedited Discovery is **GRANTED IN PART** and **DENIED IN PART**, with Defendants permitted to take expedited discovery subject to the parameters described above and pursuant to the forthcoming agreed protective order.  (Dkt. # 23.)

As a final matter, the Parties are advised that during the hearing on the Motion for Preliminary Injunction on Wednesday, May 13, 2026, at 10:00 AM, the

11

Court will be prepared to hear arguments on any motion pending as of that date.

The Parties are **ORDERED** to prepare to discuss any pending motion at such

hearing to aid in the Court's disposition of the Motion for Preliminary Injunction.

(Dkt. # 3.)

       **IT IS SO ORDERED.**

       **SIGNED:** May 11, 2026, Austin, Texas.

       _____
       David A. Ezra
       Senior United States District Judge