**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| L.M.L., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>FREEMAN F. MARTIN, in his official capacity as the Director of the State of Texas Department of Public Safety,<br><br>*Defendant*. | Case No. 1:26-cv-1170-DAE |

**PROTECTIVE ORDER GOVERNING THE**
**HANDLING OF CONFIDENTIAL INFORMATION**

This Protective Order ("Order") is entered into by and among: (a) Plaintiffs L.M.L. and K.G.S. (collectively, "Plaintiffs"); and (b) Defendant Freeman F. Martin, in his official capacity as Director of the State of Texas Department of Public Safety ("Defendant").

The Court enters this protective order to effectuate its recent order granting Plaintiffs' motion to proceed anonymously and in preparation for upcoming discovery. (Dkt. #37.)

**Good Cause Statement**

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be a part of the public record of this case. The parties acknowledge that this Order does not confer blanket protections on all information exchanged between the parties.

1

Accordingly, there is good cause for issuance of a limited protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern disclosure, use, and handling by the parties and their responsive agents, successors, personal representatives and assignees, or by any non-parties and their respective counsel, of certain information and items produced and received as part of the limited expedited discovery authorized by the Court in its Order dated May 11, 2026 in the above-captioned action.

### Protective Order ("Order")

#### Scope

1.   This Order applies to Interrogatory Answers and Deposition Testimony to be provided by Plaintiffs to Defendants as part of the expedited discovery permitted by the Court in its Order of May 11, 2026, as well as unredacted versions of Plaintiffs' previously filed declarations (collectively referred to as "Case Material").

2.   This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

3.   Any person or entity that produces, provides, or makes available Case Material to any party in connection with this Action is a "Producing Party." Any person or entity that receives Case Material directly or indirectly from any Producing Party is a "Receiving Party."

4.   The protections conferred by this Order cover Case Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" ("Designated Material"), any information copied or extracted therefrom, all copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations to or in court,

or in other settings that might reveal Designated Material.  Regardless of the format or medium in which such Designated Material is generated, stored, or maintained the parties agree that such information, so long as it retains its designation, shall not be disclosed or used for any purpose not authorized under the terms of this Order, absent further order of the Court.

5.    Even after the final resolution of this proceeding, through and including exhaustion of any appeals, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs, or the confidentiality obligation otherwise expires by operation of law.

6.    The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information that is or was independently obtained by a Party without violating its obligations under this Order; and (c) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.  Information identifying the individual plaintiffs in this matter will not be exempt under this paragraph.

7.    Nothing contained herein shall be deemed a waiver or relinquishment by any party or non-party of any objection, including but not limited to, any right to challenge or object to the alleged confidentiality or proprietary nature of any documents, information, or data requested by a party or non-party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief

3

from this Court or any other applicable court from any provision of this Order by application on notice on any grounds.

**Designating Case Material**

8.    Any Producing Party may designate Case Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the following provisions.

9.    **Exercise of Restraint and Care in Designating Material for Protection:** The parties must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, and must not designate confidential any portions or attachments that do not qualify for protection. If it comes to a Producing Party's attention that information or items that they designated for protection do not qualify for protection, the Producing Party must promptly notify all other parties that they are withdrawing the mistaken designation. The Receiving Party may at any time challenge or object to any designation of Case Material for Protection.

10.    **CONFIDENTIAL Designation:** A Producing Party may designate Case Material as "CONFIDENTIAL" if such Producing Party believes in good faith that such Case Material: contains information that is not in the public domain, or is improperly in the public domain, and qualifies for protection under applicable law, statutes, or regulations, including, but not limited to:

11.    **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY DESIGATION:** A Producing Party may designate Case Material as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY if at the at time of its production in discovery in the Action, or thereafter, is so designated by the Producing Party because of a good faith belief that the information is so highly

4

sensitive that the disclosure to those identified in paragraph 18 below but not identified in paragraph 17 below would create a substantial risk of physical harm that could not be avoided by any less restrictive means.

12. **Manner and Timing of Designations:** Except as otherwise provided in this Order or as otherwise stipulated or ordered, disclosure of Case Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed.

13. Where reasonably practicable, any Case Material other than oral deposition testimony shall be designated by the Producing Party as such by marking such page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

14. In the case of depositions, if counsel for a party or a party believes that a portion of the testimony given at a deposition should be Designated Material, such testimony may be designated as appropriate by: (a) stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated.

**Use and Disclosure of Designated Material**

15. **General Limitations on Use and Disclosure of All Designated Material:** Except as expressly set forth herein, all Designated Material shall be used by the Receiving Parties solely and exclusively for the purposes of this Action, and any appeal of any decision in respect thereof, and shall not be used in any other litigation, judicial proceedings, or disputes unrelated to this Action, or for any governmental, commercial, administrative, law enforcement, or any other purpose or function, without further order of this Court. Designated Material may be disclosed only to the categories of persons and under the conditions described in this Order.

16. In addition, any Designated Material concerning Plaintiffs shall not be used for any purpose outside this litigation. Nor, except as provided in this Order, shall such information be

shared with any government agency or sub-agency, such as the U.S. Department of Justice (DOJ), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), U.S. Citizenship and Immigration Services (USCIS), or Texas state or local agencies or entities.

17.    **Disclosure of Case Material Designated "CONFIDENTIAL":** "CONFIDENTIAL" Material, and any and all information contained therein, shall be disclosed, summarized, described, characterized, given, shown, made available in whole or in part, or communicated only to the following persons:

    a.  Counsel of Record for Plaintiffs and Defendant and employees of counsels' respective firms necessary to assist counsel in this Action, but only after such employees have been required to read the terms of this Order and sign a copy of the "Acknowledgment and Agreement to be Bound," attached hereto as Exhibit A. Such disclosure shall only be to the extent reasonably necessary for such employee to perform his or her work related to this Action;

    b.  Current employees of the Receiving Party assisting with respect to this Action who have read the terms of this Order and execute the form attached hereto as Exhibit A. Such disclosure shall only be to the extent reasonably necessary for such employee to perform his or her work related to this Action.  No more than 3 such employees may be provided any designated material without consent of the producing party;

    c.  Any interpreter or translator assisting any person described in paragraphs (e) or (f) above;

    d.  The Court and its personnel;

e.  Court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Discovery Requests;

f.  Mediators or arbitrators assigned by the Court or engaged by the parties to the Action;

g.  Photocopying, data imaging, graphic production, or litigation support services as necessary for the Action;

h.  Any other person or entity with respect to whom the Producing Party consents in writing, provided that such person shall be required first to read the terms of the Order and execute the form attached hereto as Exhibit A; and

i.  Any other person or entity the Court orders to have access.

For all persons described in a - i above who are required to execute the form attached hereto as Exhibit A, counsel for the party requesting execution of the form shall retain copies of the acknowledgment form for 120 days from the conclusion of the litigation (including any appeals). Persons receiving material designated "CONFIDENTIAL" pursuant to the terms of this Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

18.  **Disclosure of Case Material Designated "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY":** Material designated "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," and any and all information contained therein, shall be disclosed, summarized, described, characterized, given, shown, made available in whole or in part, or communicated only to the following persons:

a.  Counsel of Record for Plaintiffs and Defendant and legal support staff necessary to assist counsel in this Action;

b.  The Court (including any judicial officer to whom this Court may refer this matter for settlement purposes and any appellate judge who considers this matter), jurors, and Court personnel;

c.  Court reporters, videographers, interpreters, and their staff; and

d.  Any other person agreed to by the parties.

Persons receiving material designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the terms of this Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

19.  **Sealing of Designated Material Filed with or Submitted to Court:** Before filing Designated Material with the Court, or discussing or referencing such material in court filings, the filing party shall confer with opposing counsel (where practical, at least seven (7) days prior to the intended date of use) to determine whether the counsel that added the designation will remove it, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  The parties will attempt, to the extent possible, to minimize the volume of material that must be filed under seal.

20.  **Use of Discovery Material in Open Court:** Counsel for any party who desires to offer or use such Designated Material at a hearing to be held in open court shall first meet and confer in good faith with the Producing Party to discuss procedures for such hearing. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Designated Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS'

8

EYES ONLY." Any use of Protected Material at trial shall be governed by a separate agreement or order.

21.    If the parties are unable to resolve a dispute related to such Designated Material without Court intervention, they shall comply with all relevant discovery dispute procedures.  While the dispute is pending before the Court, the Designated Material shall not be offered or otherwise used at trial or any hearing held in open court.

22.    In the event that any Designated Material is used in any court proceeding relating to matters in this Action while the dispute is pending, the Designated Material shall not lose its status as Confidential Designated Material ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") through such use.

### Challenging Confidentiality Designations

23.    **Challenge Notice:** If any party to this Order objects to the designation of any documents or information as Confidential Material, the party shall first state the objection in writing to the other party, explaining the basis for its belief that the confidentiality designation was not proper (a "Challenge Notice"). The parties agree to confer within ten (10) business days of receipt of the written objection to such designation, in a good faith to attempt to resolve any dispute regarding any such designation.  Extensions may be allowed if mutually agreed to by the parties to accommodate review of voluminous challenged designations or other case-related obligations.

24.    If the parties cannot resolve a challenge without court intervention, the burden of persuasion in any challenge shall be on the Designating Party. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

### Miscellaneous Provisions

9

25.    **Production of Privileged Case Material:** Nothing in this Order shall require disclosure of information that is protected from disclosure by the attorney-client privilege, work-product immunity, or any other legally cognizable privilege.  This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence

26.    **Use of Non-Designated Material:** Nothing in this Order shall limit a party's ability to use Non-Designated Material for any purpose, including in a deposition, hearing, trial, or otherwise, in connection with this Action.

27.    **Obligations Following Conclusion of This Action:** Within sixty (60) business days after the conclusion of this action, including all appeals and any monitoring agreed to or ordered, a Receiving Party shall take all reasonable steps to destroy or, if preferred by the Producing Party, return to the Producing Party all Designated Material, and all copies thereof in their possession, custody, or control. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine information technology ("IT") and cybersecurity functions.  In the course of disposing of information in its possession under this paragraph, the Receiving Party also will take reasonable steps to notify persons to whom it distributed Designated Material pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

28.    Counsel of record for the parties shall be entitled to retain Designated Material that constitutes or reflects counsel's work product, or that of retained consultants and experts, in their files in accordance with the provisions of this Protective Order.

29.   Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits, motion papers, trial, deposition and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Designated Material. Even after the final disposition of this and any related actions, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Designated Material unless and until its Designating Party agrees otherwise in writing or a court order directs.

30.   **Designated Materials Subpoenaed or Ordered Produced in Other Litigation:** If a party or anyone subject to this Order is served with a subpoena under Federal Rule of Civil Procedure 45 (or an equivalent mechanism under state law) or a court order issued in other litigation, or any similar process, that seeks or compels disclosure of any Designated Material, that person must (a) promptly notify the Designating Party in writing and include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Order and include a copy of this Order; and (c) shall not disclose any Designated Material until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either that the Designating Party does not object to the production of the requested information or that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production.  If the Designating Party timely seeks a protective order, the party served with the subpoena shall not disclose the Designated Material before a determination by the body from which the subpoena issued.  The Designating Party shall bear the burden and expense of seeking protection of its Designated Material. Nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or

11

another court.  In the event that Designated Material is produced to a nonparty to this Action in response to a subpoena, the parties to this Action shall continue to treat such Designated Material in accordance with its designation. During the pendency of this Action, the Court shall retain jurisdiction over this Protective Order, and persons who receive Designated Material shall be subject to this Protective Order.

31.    **Use of Case Material by Producing Party:** Nothing in this Order shall preclude any party or their counsel from: (a) showing any Designated Material to an individual who prepared, authored, or received the Designated Material; or (b) using or disclosing its own Case Material in any way, including information the party itself has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," in accordance with applicable law.  Disclosure pursuant to this paragraph will not waive the protections of this Order and will not otherwise entitle other parties or their attorneys to use or disclose such Designated Material in violation of this Order.  Notwithstanding the foregoing, any Producing Party that intentionally publicly disseminates its own Designated Material, including in a filing not sealed with the Court or in open court, may not subsequently restrict other parties' public use of the same Case Material on the grounds that such material constitutes Designated Material. Nothing in this Order affects the right of any Producing Party under applicable law to claw back Designated Material.

32.    **Obligations of Parties:** Nothing herein shall relieve a Party of its obligations under the Federal Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests.

33.    **Right to Assert Other Objections:** No party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

12

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, May 12, 2026

 

_____
David A. Ezra
Senior United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT CONCERNING PROTECTED INFORMATION**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued

in the case of L.M.L. v. Martin, pending in the Western District of Texas and bearing Case No. 1:26-

cv-01170. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western

District of Texas for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14