## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

L.M.L., K.G.S.,

*Plaintiffs*,

v.

FREEMAN MARTIN, in his official
capacity as Director of the State of Texas
Department of Public Safety,

*Defendant*.

Case No. 1:26-cv-1170

## PLAINTIFF K.G.S.'s RESPONSES TO DEFENDANT'S FIRST SET OF
## INTERROGATORIES

## INTRODUCTION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules CV-26 and CV-33 of the Local Rules of the Western District of Texas, Plaintiffs, by and through their undersigned attorneys, hereby provide supplemental and amended responses and objections to Interrogatory Nos. 1, 2, 3, 4, and 5 of Defendant's First Set of Interrogatories to Plaintiffs (the "Interrogatories") in the above-referenced action (the "Action"). Plaintiffs specifically reserve the right to supplement, correct and/or amend these responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.     Each of the following General Objections is hereby incorporated into each of Plaintiffs' subsequent responses to the individual Interrogatories.

2.     Plaintiffs object to the Interrogatories to the extent that they purport to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the Western District of Texas.

3.     Plaintiffs object to the Interrogatories to the extent that they seek information shielded from discovery by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.    Plaintiffs' responses to the Interrogatories do not waive, and should not be construed as waiving, any applicable privilege or protection.    Any inadvertent disclosure of information subject to a claim of privilege or protection is not, and should not be deemed, a waiver of that privilege or protection.

1

4.    Plaintiffs object to the Interrogatories as overly broad and unduly burdensome to the extent that they: (a) seek disclosure of information not in Plaintiffs' possession, custody or control, including information in documents that have been confiscated, lost, discarded, or destroyed; (b) seek the disclosure of information not relevant to this Action or not proportional to the needs of this case (insofar as the Interrogatories would require disclosure of information only tangentially related to this Action); (c) seek information available from a more comprehensive, more convenient, more efficient, less burdensome, or less expensive source than Plaintiffs; (d) disclose information in documents that are public, equally available to, or already in the possession, custody, or control of Defendant; (e) seek disclosure of information that is duplicative and cumulative of information already provided in this Action, including in connection with the Plaintiffs' Mandatory Initial Discovery Pilot disclosures; and (f) omit any temporal limitation.

5.    Plaintiffs' election to object, respond, or produce information in response to an Interrogatory, notwithstanding the objectionable nature of the Interrogatory, shall not be construed as: (a) an acceptance of, or agreement with, any of the characterizations or purported descriptions of any facts, circumstances, events, and/or legal conclusions contained in the Interrogatories; (b) a concession or admission of the relevancy, materiality, authenticity, or admissibility of any document, fact, issue, or piece of information; (c) a waiver of the General Objections or the objections asserted in response to that specific Interrogatory; (d) an admission that any such information exists; (e) an agreement that an Interrogatory for similar information will be treated in a similar manner; or (f) an

2

acceptance of, or agreement with, any of the definitions in the Interrogatories, to the extent that the definition or meaning of any defined term is at issue in this case.

6. Plaintiffs object to the Interrogatories to the extent that they contain inaccurate, incomplete, or misleading descriptions of facts, persons, or events underlying this Action or are based on a false or flawed premise, assumption or presumption. The disclosure of information in response to the Interrogatories shall not constitute Plaintiffs' agreement with, or acquiescence to, any such description or presumption. By responding to a particular Interrogatory, Plaintiffs do not accept, adopt or concede the truth or validity of any allegation, legal conclusion, or characterization made in that Interrogatory.

7. Plaintiffs' failure to object to any Interrogatory on a particular ground or grounds shall not be construed as a waiver of their rights to object on any additional grounds. Plaintiffs reserve the right to revise, amend, supplement, correct, clarify, or add to these Responses and Objections. Plaintiffs also reserve the right to use or rely on, at any time, subsequently discovered information or information omitted from these Responses and Objections as a result of mistake, error, oversight, or inadvertence.

8. Plaintiffs object to the Interrogatories to the extent that they purport to require Plaintiffs to draw legal conclusions or they are predicated on legal conclusions or arguments.

9. Without limiting their objections to other Definitions and Instructions contained in the Interrogatories, Plaintiffs object to the following specific Definitions and Instructions:

3

a.  Plaintiffs object to the definition of "Plaintiff" or "Plaintiffs" to the extent that it includes persons and entities other than Plaintiffs, and on the ground that such a definition renders the Interrogatories overbroad and unduly burdensome.

b.  Plaintiffs object to the definition of "Describe" as overbroad to the extent that it requires Plaintiffs to undertake a search for documents and things beyond a diligent search of the files where Plaintiffs would reasonably expect to find documents or things responsive to each individual Interrogatory.

10.  Plaintiffs are willing to meet and confer with Defendant concerning these Responses and Objections.

4

## RESPONSES AND OBJECTIONS TO INTERROGATORY NOS. 1–5

**Interrogatory No. 1:** Describe fully your experience prior to this case as an attorney, paralegal, party, witness, juror, class representative, or class member in any U. S. federal court or U. S. state court civil or criminal action(s).

### Response to Interrogatory No. 1:

Plaintiffs incorporate the foregoing General Objections as if fully set forth herein. Plaintiffs further object that Interrogatory No. 1 seeks information that is overbroad, irrelevant to the subject matter of this dispute, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object that Interrogatory No. 1 is not reasonably tailored to the allegations or defenses in the Complaint, insofar as it is not limited to the substantive issues relevant to the claims and/or defenses in this matter. Plaintiffs further object to Interrogatory No. 1 to the extent that the terms it uses are vague, ambiguous, undefined, and/or overly broad. interrogatories. Plaintiffs further object to Interrogatory No. 1 to the extent that it requires the disclosure of information prepared in anticipation of litigation, reveals privileged attorney-client communication, and/or is otherwise protected from disclosure under applicable rules, privileges, or other laws.

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows: I have prior immigration cases but do not remember going to federal court. I spoke with police several times when I was a victim of a crime. To my knowledge, I have never been an attorney, paralegal, party, witness, juror, class representative, or class member.

Plaintiffs reserve the right to amend their Response to Interrogatory No. 1.

5

**Interrogatory No. 2:** Describe fully how you will fulfill your fiduciary duties to the proposed class members in this case, including keeping all class members informed as to the court proceedings in this case, regardless of the languages they speak.

**Response to Interrogatory No. 2:**

Plaintiffs incorporate the foregoing General Objections as if fully set forth herein. Plaintiffs further object that Interrogatory No. 2 assumes and calls for legal conclusions, including the "fiduciary duties" of class representatives and the obligations class representatives have to "keep[] class members informed." Plaintiffs further object to Interrogatory No. 2 because the terms "fiduciary duties" and "informed" are undefined, vague, and/or ambiguous. Plaintiffs further object to Interrogatory No. 2 to the extent that it requires the disclosure of information prepared in anticipation of litigation, reveals privileged attorney-client communication, and/or is otherwise protected from disclosure under applicable rules, privileges, or other laws.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I understand that I am a class representative and need to represent members of the class fairly. I am in close contact with my lawyers and would work with them and help if I can to address any needs of class members including sharing information with members in different languages if needed.

Plaintiffs reserve the right to amend their Response to Interrogatory No. 2.

**Interrogatory No. 3:** Describe fully and specifically any injuries you have suffered to date (or have been imminently threatened with) by reason of any enforcement of the statute known as S. B. 4 against you by Defendant Freeman Martin in his capacity as Director of the Texas Department of Public Safety, or by other officer or agents of the Texas Department of Public Safety?

**Response to Interrogatory No. 3:**

6

Plaintiffs incorporate the foregoing General Objections as if fully set forth herein. Plaintiffs further object to the extent that Interrogatory No. 3 request Plaintiffs to reach a legal conclusion regarding the definition and extent of their "injuries." Plaintiffs further object to Interrogatory No. 3 because it uses terms that are vague and undefined.

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows: I understand that S.B. 4 has not been enforced yet because of courts, but that Texas will likely arrest people under it when it can. I know I could get pulled over, and if I do, I could be arrested. I drive every day to go to work and take my kids to school, and I regularly see DPS officers. I live and work in areas where a lot of other immigrants live. I am especially concerned about DPS patrols in this area if SB 4 goes into effect.

Plaintiffs reserve the right to amend their Response to Interrogatory No. 3.

**Interrogatory No. 4:** Describe fully why your claims in this case are typical of those of all proposed class members, including proposed class members who have no lawful presence in the United States, are currently the subject of active deportation orders or proceedings, or whose federal determination regarding immigration status is pending or will be initiated.

**Response to Interrogatory No. 4:**

Plaintiffs incorporate the foregoing General Objections as if fully set forth herein. In addition, Plaintiffs object to Interrogatory No. 4 because it calls for legal conclusions. Plaintiffs further object to Interrogatory No. 4 to the extent that the terms it uses are vague, ambiguous, undefined, and/or overly broad. Plaintiffs further object to Interrogatory No. 4 because it calls for information that is outside of Plaintiffs' personal knowledge, possession, custody, or control. Plaintiffs further object to Interrogatory No. 4 to the extent that it requires the disclosure of information prepared in anticipation of litigation, reveals privileged attorney-client

7

communication, and/or is otherwise protected from disclosure under applicable rules, privileges, or other laws.

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows: Like other people in the class, I am at risk of arrest under S.B. 4. I understand the law is illegal for everyone, not just people like me.

Plaintiffs reserve the right to amend their Response to Interrogatory No. 4.

**Interrogatory No. 5:** Describe fully why you can adequately represent all proposed class members, including proposed class members who have no lawful presence in the United States, are currently the subject of active deportation orders or proceedings, or whose federal determination regarding immigration status is pending or will be initiated.

### Response to Interrogatory No. 5:

Plaintiffs incorporate the foregoing General Objections as if fully set forth herein. In addition, Plaintiffs object to Interrogatory No. 5 to the extent it calls for legal conclusions regarding "adequacy," "lawful presence," "active deportation order(s) or proceedings," "immigration status," and/or "federal determination(s)." Plaintiffs further object to Interrogatory No. 5 to the extent that the terms it uses are vague, ambiguous, undefined, and/or overly broad. Plaintiffs further object to Interrogatory No. 5 to the extent that it requires the disclosure of information prepared in anticipation of litigation, reveals privileged attorney-client communication, and/or is otherwise protected from disclosure under applicable rules, privileges, or other laws. Plaintiffs further object to Interrogatory No. 5 because it calls for information that is outside of Plaintiffs' personal knowledge, possession, custody, or control.

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows: I have no conflicts with other members of the class. This case involves no money claims

8

and I am getting no benefit from the case, so there is no conflict with class members about that. I actually just found out yesterday at around 4:00 p.m. that I would have to do a deposition today, so I had to miss work on very short notice.

I understand I am representing a class and our claim is that S.B.4 is illegal for everyone in the class. I will communicate with my lawyers, keep track of the case, and give ideas and make decisions when I can.

Plaintiffs reserve the right to amend their Response to Interrogatory No. 5.

Dated: May 12, 2026

David A. Donatti (TX Bar No. 24097612)
Adriana C. Piñon (TX Bar No. 24089768)
Carolina Rivera Nelson (TX Bar No. 24132741)**
AMERICAN CIVIL LIBERTIES UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 942-8146
Facsimile: (713) 942-8966
ddonatti@aclutx.org
apinon@aclutx.org
criveranelson@aclutx.org

Daniel Hatoum
(TX Bar No. 24099136)
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 219
Alamo, TX 78516
(956) 787-8171 ext. 208
daniel@texascivilrightsproject.org

Kate Gibson Kumar
(TX Bar No. 24137588)
Daniel Woodward
(TX Bar No. 24138347)
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 17757
Austin, TX 78760
(512) 474-5073 ext. 225
kate@texascivilrightsproject.org
danny@texascivilrightsproject.org

Dustin Rynders
Texas Bar No. 24048005
Texas Civil Rights Project
PO Box 1108
Houston, TX 77251-1108
dustin@texascivilrightsproject.org

/s/ Cody Wofsy
Cody Wofsy
Spencer Amdur
Hannah Steinberg*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0770
F: (332) 220-1702
cwofsy@aclu.org
samdur@aclu.org
hsteinberg@aclu.org

Kathryn Huddleston*** (TX Bar No. 24121679)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
915 15th Street, NW, 7th Floor
Washington, DC 20005
T: (212) 549-2500
khuddleston@aclu.org

Omar Jadwat*
Lee Gelernt
Grace Choi*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
ojadwat@aclu.org
lgelernt@aclu.org
gchoi@aclu.org

*Pro Hac Vice Application Forthcoming
** Admission to Western District of Texas Pending
*** Application for Admission to Western District of Texas Forthcoming; barred in Texas and Arizona, not barred in the District of Columbia, practice supervised by a member of the D.C. Bar

10

## VERIFICATION OF INTERROGATORY RESPONSES

I, K.G.S., declare under the penalty of perjury that the information provided in the above responses is true and correct.

Executed on May 12, 2026 in Austin, Texas.

_K.G.S_

K.G.S.

## CERTIFICATE OF TRANSLATION

I, Kate Gibson Kumar, hereby swear under penalty of perjury under the laws of the United States of America that I am fluent in English and Spanish. I certify that I have read the forgoing responses to K.G.S. in the Spanish language, a language she is fluent in, and that she stated that she understood perfectly and agreed with the contents in their entirety.

Executed on May 12, 2026 in Austin, Texas.

Kate Gibson Kumar

11