IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

L.M.L. AND K.G.S., ON BEHALF OF
THEMSELVES AND ALL THOSE SIMILARLY
SITUATED,
     PLAINTIFFS,

V.

FREEMAN F. MARTIN, IN HIS OFFICIAL
CAPACITY AS DIRECTOR OF TEXAS
DEPARTMENT OF PUBLIC SAFETY,
     DEFENDANT

CIVIL CASE NO. 1:26-CV-1170

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF L.M. L. AND K. G. S.

1. Plaintiffs filed on May 4, 2026, without leave of Court, the Declarations of the two anonymous Plaintiffs designated as L. M. L. (ECF No. 3-1) and K. G. S. (ECF No. 3-2). Both Declarations are in English. However, neither Plaintiff L. M. L. nor Plaintiff K. G. S. purports to be able to read or understand English.  According to a "Certificate of Translation" signed under penalty of perjury and attached to each Declaration, two third parties in New York, New York, Kate Gibson Kumar and Ana Sophia Barrios, apparently read "this statement"[1] to the respective purported Declarants "in the Spanish language."  ECF No. 3-1 at 4; ECF No. 3-2 at 4.

2. But neither the Court nor Defendant Martin could possibly know whether the contents of the English-language Declarations Ms. Barrios and Ms. Kumar allegedly read to L.M.L. and K.G.S. in Spanish were in fact accurately translated. Neither L.M.L. nor K.G.S. reviewed a Spanish-language version of their Declarations. ECF No.  53-1 ("L.M.L. Dep.") 18: 12-15; ECF

---

[1] It is ambiguous what "this statement" refers to. It plausibly could refer either to the Certificate of Translation or to the respective purported Declarations.

1

No. 53-2 ("K.G.S. Dep.") 18:19-24. That means both Plaintiffs signed English-language versions of their Declarations that they could neither read nor understand, based solely on what third parties told them in Spanish the Declarations said. Defendant therefore objected to and moved to strike the purported Declarations of L. M. L. and K. G. S. ECF No. 16.

3.      Plaintiffs filed their Opposition to Defendant's Motion to Strike (the "Opposition") on May 11. ECF No. 34. It was something of a shocker.

4.      In the Opposition, Plaintiffs did not deny that they are "individuals who speak no or little English." *Id.* at 1. Thus, it is undisputed that neither Plaintiff could read or understand the English language Declarations they signed and filed in this Court.

5.      The problem here is Plaintiffs' failure to supply Spanish-language versions of L.M.L.'s and K.G.S.'s Declarations to the Court and Defendant.  As a result, the Court and Defendant have no means to ensure the Spanish-language translations Plaintiffs heard and "agreed" with (*see* ECF Nos. 3-1 and 3-2 at 4), accurately reflected the signed English-language Declarations submitted to this Court.

6.      At the end of the day, then, the credibility of Plaintiffs' Declarations rests solely on the credibility and reliability of Ms. Barrios and Ms. Kumar. But that is shaken by what was admitted in the Opposition. First, Plaintiffs admit that Ms. Barrios and Ms. Kumar are not independent translators, but instead are a paralegal and an attorney for Plaintiffs in this case.

7.      Second, Plaintiffs admit that the "Certificate of Translation" signed by Ms. Kumar, attached to K.G.S.'s Declaration was not correct. It states:

        Executed this 3rd day of May, 2026, in New York, New York.

2

But Plaintiffs revealed in a footnote in their Opposition that this statement that Ms. Kumar signed and filed with the Court under penalty of perjury was erroneous. Opposition at 2 n.2. They now admit that Ms. Kumar did *not* execute the Certificate in New York, New York. *Id.* Instead, Plaintiffs state that Ms. Kumar executed the Certificate in Austin, Texas. *Id.*

8.      Defendant does not assert that Ms. Kumar made this false statement with intent of to deceive the Court or Defendant. But this error in a statement under penalty of perjury was so obvious that it casts great doubt on the credibility or reliability of the rest of the Certificate. If Ms. Kumar was so rushed or inattentive on May 3 as to state falsely in writing under penalty of perjury the location where she signed the Certificate, why should the Court give credibility to her assertion in the Certificate that she read "this statement" to K. G. S. "in the Spanish language, a language she is fluent in, and that [K. G. S.] stated that she understood perfectly and agreed with its contents in their entirety"?

9.      Plaintiffs try unsuccessfully in their Opposition to minimize the obvious and fatal defect in the English language Declarations that were signed by L. M. L. and K. G. S.: they signed *them without any ability to read or understand what they were signing*. While Plaintiffs are correct that "translation of a Declaration is routine," they are quite incorrect in suggesting that the Declarations of L. M. L. and K. G.  S. were translated in anything like a routine manner.

10.     A routine manner of translating a document to be submitted as evidence in a court proceeding is to provide both an English version and a version in the foreign language in which the declarant is fluent, accompanied by a certificate under oath or affirmation by a qualified independent translator. That approach allows the Court and opposing parties to evaluate whether

the English-language document faithfully reflects the Spanish-language document that the declarants *could* read and understand.  But that is far from what Plaintiffs did here.

11.    It is *not* "routine" for the attorneys or paralegals of a party—individuals who inherently are not independent and unbiased and apparently are not credentialed or qualified professional translators—to translate declarations for *that party* to be filed in court on *that party's* behalf. Plaintiffs cited FED. R. EV. 604 in their Opposition at 1, they did not quote it, because it states (emphasis added):

> An interpreter *must be qualified* and must give an oath or affirmation
> to make a true translation.

12.    Neither Ms. Barrios nor Ms. Kumar provided any credentials to show they are qualified professional translators.[2] And nothing in Plaintiffs' Declarations attests to those individuals' "credentials or skills" to serve as translators. L.M.L. Dep. 17: 23- 18:1; K.G.S. Dep. 18:12-15. Unsurprisingly, Plaintiffs cite no authority supporting any assertion all that is required to be a "qualified" translator under Rule 604 is just to say you are qualified—essentially, self-certification. Yet that is all the Plaintiffs and Ms. Barrios and Ms. Kumar offered here.

13.    Plaintiffs also cite *U. S. v. Cordero*, 18 F.3d 1248, 1253 (5th Cir. 1994), for the proposition that "[e]xcept in unusual circumstances, an interpreter is no more than a language conduit and therefore the translation does not create an extra level of hearsay." But the circumstances here are just such "unusual circumstances." *See id.* The Fifth Circuit has explained:

---

[2] L.M.L. testified that it is his "understanding that *anyone* who translates words from one language to another [] could be a considered a certified translator." L.M.L. Dep. 21: 12:15 (emphasis added). Tellingly, Plaintiffs' counsel insisted that Defendant obtain not just anyone, but rather a "certified" translator, for the expedited depositions of L. M. L. and K. G. S. With great effort on short notice, Defendant did so.

> Concerning the "unusual circumstances" exception noted by our court in *Cordero*, other circuits have generally evaluated whether the appellant alleged or demonstrated any bias on the part of the interpreter . . .

*United States v. Bell*, No. 98-60305, 1999 U. S. App. Dist. LEXIS 40263, at *7 (5th Cir. 1999).[3]

14.    It's undeniable that Ms. Barrios and Ms. Kumar do have such a bias in translating or interpreting with respect to their own clients. The courts would never allow an attorney or paralegal for a party to simply testify on the witness stand for that party. Indeed, there are ethical rules that bar attorneys from testifying in a case in which they are acting as counsel for a party except in carefully limited circumstances.

15.    Essentially, Ms. Barrios and Ms. Kumar have done just that because the credibility of the English language declarations of their clients depends directly of their credibility of Ms. Barrios and Ms. Kumar. And the inaccurate statement by Ms. Kumar under penalty of perjury that she signed the "Certificate of Translation" in New York, New York, provides room for very reasonable doubt on that score.

16.    Much more room for doubt is provided by the brief deposition of Plaintiff K. G. S. that was allowed on May 12, 2026, pursuant to Court order. Plaintiff K. G. S. stated in the English language Declaration (ECF No. 3-2) that she could not read or understand, as follows:

> 7. About a year ago, I learned that my petition for a U visa due to domestic violence had been approved.

That sentence would lead a reasonable person, including this Court, to believe that K. G. S. actually has a "U visa" and thus is a lawful resident of the United States.

---

[3]    Plaintiffs argue correctly as a last resort that courts have discretion to consider hearsay in connection with motions for preliminary injunction. But any such hearsay should be reliable, and these Declarations are not. See ¶¶ 13- 14 below. The Court should not extend its discretion to allow multiple levels of unreliable hearsay to be considered.

17.     Meanwhile, the deposition testimony of K. G. S.  on May 12 under oath suggested something different:

Q.      Are you a lawful resident of the United States right now?

A.      No. . . .

Q.      So just to clarify, do you have a U visa or do you not have a U visa?

A.      It is a process. First, they give you a preapproval and then they give you the final approval. Right now, I am at the stage of the preapproval.

Q.      What will it take for you to achieve final approval?

A.      The attorney said to me that it could last or take even up to 20 years.

Dep. of K. G. S. 11: 12-12:2 May 12, 2026.

18.     Courts in the Fifth Circuit regularly exclude or strike purported documents in English like the Declarations here that are either

(a) based on translations by persons who fail to show proper qualification as translators; or

(b) are based on translations by persons who are biased by their association with a party to the case.

Examples, most applying the Fifth Circuit's standards in Cruz *v. Aramark Servs., Inc.*, 213 Fed. Appx. 329, 33 & n.9 (5th Cir. 2007) (unpublished) are *Barraza v. United States*, 526 F. Supp. 2d 637, 642-43 (W. D. Tex. 2007) (translations by police officers without information as to the officers' "skills or qualifications as interpreters") ; *Sanchez v. Ruiz*, No. 7:16-cv-00445, 2017 U. S. Dist. LEXIS 162584, at **7-9 (S. D. Tex. Sept. 29, 2017) (declaration likely translated by attorney or one with "built-in incentive" to translate in a manner favorable to plaintiff); *EEOC v. Taqueria Rodeo*

*de Jalisco*, No. 4:11-cv-034444, 2012 U.S. Dist. LEXIS 179552, 2012 WL 6630159 at **22-25 (S. D. Tex. Dec. 19, 2012) (affidavits translated by paralegal and by brother of affiant, with no professional qualifications provided) *Diaz v. Carballo*, No. 3:05-cv-2084, 2007 U.S. Dist. LEXIS 76039 at ** 10-11  (N. D. Tex. Oct. 12, 2007) (no information provided as to qualifications of translator, who likely "was supplied by the plaintiff's attorney"); *Gonzalez v. Lopez*, No. 3:07-cv-593-M, 2008 U. S. Dist. LEXIS 109653, at **15-17 (N. D. Tex. Sept. 22, 2008) (proponent failed to provide information as to translator's qualifications or skills); *Xavier v. Belfour USA Grp., Inc.*, No. 06-491, 2008 U. S. Dist. LEXIS 108743, at *5 (E. D. La. Sept. 22, 2008) (proponent failed to provide information as to translator's qualifications or skills).

For all of the above reasons, the Court should strike, and decline to consider as evidence for any purpose, the English-language Declarations of L.M.L. and K.G.S.—including for purposes of the pending Motion for Preliminary Injunction.

7

Date: May 14, 2026

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division
Texas Bar No. 24060998

Respectfully submitted.

*/s/ David Bryant*
DAVID BRYANT
Senior Special Counsel
Texas Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Texas Bar No. 24094501

ALEXIA BAKER
Assistant Attorney General
Texas Bar No.24149596

OFFICE OF ATTORNEY GENERAL OF TEXAS
SPECIAL LITIGATION DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on May 14, 2026 and that all counsel of record were served by CM/ECF.

/s/ *David Bryant*
DAVID BRYANT

8