**DanielDistrict Court**
**Western District of Texas**
**Austin Division**

| | |
|---|---|
| L.M.L., K.G.S., on behalf of themselves and all those similarly situated,<br><br>    *Plaintiffs,*<br><br>V.<br><br>FREEMAN F. MARTIN, in his official capacity as Director of State of Texas Department of Public Safety,<br><br>    *Defendant.* | CIVIL CASE NO. 1:26-CV-1170 |

## DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendant Freeman F. Martin, in his official capacity as Director of the Texas Department of Public Safety ("Defendant Martin" or "Defendant"), hereby files his Answer to the Complaint for Declaratory and Injunctive Relief (ECF No. 1) (the "Original Complaint") filed herein by Plaintiffs, subject to and without waiver of the pending Interlocutory Appeal by Defendant Martin to the United States Court of Appeals for the Fifth Circuit, pursuant to 28 U. S. C. § 1292(a), from the Order of the District Court in the above-referenced action dated May 14, 2026 (ECF No. 55), denying Defendants' Priority Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 25); Granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 3); Granting in part Plaintiffs' Motion to Certify Class (ECF No. 5); Denying as Moot Defendant's Motion to Continue Hearing on Class Certification (ECF No. 30); and Denying Defendants' Motions to Strike (ECF Nos. 16, 47).

Defendant Martin reiterates and asserts that this Court lacks subject matter jurisdiction of this action by reason of Defendant Martin's sovereign immunity in his official capacity; by reason

of the Eleventh Amendment to the United States Constitution; and by reason of Plaintiffs lack of standing; and subject thereto hereby answers the allegations in the Original Complaint of Plaintiffs herein (ECF No. 1) as follows:

1. Defendant Martin denies the allegations of Paragraph 1 of the Complaint.

2. Defendant Martin states that the referenced statute speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 2 of the Complaint.

3. Defendant Martin denies the allegations of Paragraph 3 of the Complaint.

4. Defendant Martin denies the allegations of Paragraph 4 of the Complaint.

5. Defendant Martin denies the allegations of Paragraph 5 of the Complaint.

6. Defendant Martin admits the allegations of Paragraph 6 of the Complaint as to jurisdiction of the Court.

7. Defendant Martin admits the allegations of Paragraph 7 of the Complaint as to venue.

8. Defendant Martin is without sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint and therefore denies the same.

9. Defendant Martin is without sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint and therefore denies the same.

10. Defendant Martin admits the allegations of Paragraph 10 of the Complaint.

11. Defendant Martin denies the allegations of Paragraph 11 of the Complaint except that he is without knowledge as to the alleged statements attributed to Governor Abbott and therefore denies such allegation.

12. Defendant Martin denies the allegations of Paragraph 12 of the Complaint.

13.    Defendant Martin denies the allegations of Paragraph 13 of the Complaint.

14.    Defendant Martin denies the allegations of Paragraph 14 of the Complaint.

15.    Defendant Martin states that the referenced statute speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 15 of the Complaint.

16.    Defendant Martin states that the referenced statute speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 16 of the Complaint.

17.    Defendant Martin denies the allegations of Paragraph 17 of the Complaint.

18.    Defendant Martin denies the allegations of Paragraph 18 of the Complaint.

19.    Defendant Martin states that the referenced statute speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 19 of the Complaint.

20.    Defendant Martin states that the referenced statute speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 20 of the Complaint.

21.    Defendant Martin states that the referenced statute speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 21 of the Complaint.

22.    Defendant Martin states that the referenced statute speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 22 of the Complaint.

23.    Defendant Martin admits that prosecutors have some discretion as to some of the matters stated; and otherwise denies the allegations of Paragraph 23 of the Complaint.

24.    Defendant Martin admits the allegations of Paragraph 24 of the Complaint.

25.    Defendant Martin admits the allegations of Paragraph 24 of the Complaint.

26.    Defendant Martin states that Paragraph 26 is an allegation of law as to which no answer is required and otherwise denies the allegations of Paragraph 26 of the Complaint.

27. Defendant Martin states that S. B. 4 speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 27 of the Complaint.

28. Defendant Martin states that S. B. 4 speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 28 of the Complaint.

29. Defendant Martin states that S. B. 4 speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 29 of the Complaint.

30. Defendant Martin states that S. B. 4 speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 30 of the Complaint.

31. Defendant Martin states that S. B. 4 speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 31 of the Complaint.

32. Defendant Martin states that S. B. 4 speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 32 of the Complaint.

33. Defendant Martin states that S. B. 4 speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 33 of the Complaint.

34. Defendant Martin states that S. B. 4 speaks for itself as to its terms and imports and otherwise denies the allegations of Paragraph 34 of the Complaint.

35. Defendant Martin states that S. B. 4 speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 35 of the Complaint.

36. Defendant Martin states that S. B. 4 speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 36 of the Complaint.

37. Defendant Martin states that S. B. 4 speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 37 of the Complaint.

38. Defendant Martin states that S. B. 4 speaks for itself as to its terms and import and otherwise denies the allegations of Paragraph 38 of the Complaint.

39. Defendant Martin denies the allegations of Paragraph 39 of the Complaint.

40. Defendant Martin denies the allegations of Paragraph 40 of the Complaint.

41. Defendant Martin denies the allegations of Paragraph 41 of the Complaint.

42. Defendant Martin is without knowledge as to the alleged statements of Director McCraw in 2023 and denies the allegations of Paragraph 42 of the Complaint.

43. Defendant Martin is without knowledge as to the alleged statements of Governor Abbot and denies the allegations of Paragraph 43 of the Complaint.

44. Defendant Martin denies the allegations of Paragraph 44 of the Complaint, and states that the mandate of the Fifth Circuit Court of Appeals in Case No. 24-50149 did issue and the 2024 preliminary injunction which was the subject of the allegations in Paragraph 44 was vacated

45. Defendant Martin admits that Plaintiffs purport to sue on behalf of a class, but denies that such a class action is proper under Federal Rule of Civil Procedure 23 and otherwise denies the allegations of Paragraph 45 of the Complaint.

46. Defendant Martin denies the allegations of Paragraph 46 of the Complaint and denies that this is a proper class action.

47. Defendant Martin denies the allegations of Paragraph 47 of the Complaint and denies that this is a proper class action.

48. Defendant Martin denies the allegations of Paragraph 48 of the Complaint and denies that this is a proper class action.

49.    Defendant Martin denies the allegations of Paragraph 49 of the Complaint and denies that this is a proper class action.

50.    Defendant Martin denies the allegations of Paragraph 50 of the Complaint and denies that this is a proper class action.

51.    Defendant Martin denies the allegations of Paragraph 51 of the Complaint and denies that this is a proper class action.

52.    Defendant Martin denies the allegations of Paragraph 52 of the Complaint and denies that this is a proper class action.

53.    Defendant Martin admits the existence and text of the Supremacy Clause of the United States Constitution; denies that S. B. 4 is in any way inconsistent with the Supremacy Clause of the United States Constitution; and denies the remaining allegations of Paragraph 53 of the complaint.

54.    Defendant Martin admits that some state statutes may be preempted by federal law; denies that S. B. 4 is preempted by federal law in any respect; and denies the remaining allegations of Paragraph 54 of the Complaint.

55.    Defendant Martin denies the allegations of Paragraph 55 of the Complaint,

56.    Defendant Martin denies the allegations of Paragraph 56 of the Complaint.

Defendant Martin asserts the following defenses to the allegations of the Complaint:

- The Court lacks subject matter jurisdiction of this action.

- Each Plaintiff lacks standing.

- Defendant Martin is entitled to and asserts sovereign immunity to this suit and all claims or liabilities therein.

- This suit is barred by the Eleventh Amendment to the United States Constitution.

- This Court should abstain from interfering with any criminal prosecutions in state courts under S. B. 4.

- Each Plaintiff is barred from any equitable relief he or she seeks in this federal court by reason of unclean hands as a result of their admitted multiple violations of federal criminal laws, including 8 U. S. C. §§ 1325 and 1326.

- Each Plaintiff is barred from any equitable relief they seek in this federal court by reason of their failure to do equity as a result of their admitted multiple violations of federal criminal laws, including 8 U. S. C. §§ 1325 and 1326, and their continued evasion of legal responsibility for those federal criminal offenses.

- Each Plaintiff is barred from any equitable relief they seek in this federal court by reason of laches.

Defendant Martin further denies that any of Plaintiffs, or any purported class they seek to represent, is entitled to any relief prayed for in the Original Complaint and asks that the Court on final hearing hereof, dismiss this action and enter its judgment that Plaintiffs recover nothing by their suit herein, and for such other relief to which Defendant Martin may be entitled.

Date: May 28, 2026

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division
Texas Bar No. 24060998

Respectfully submitted.

/S/ DAVID BRYANT
DAVID BRYANT

DAVID BRYANT
Senior Special Counsel
Texas Bar No. 03281500

ALEXIA BAKER
Assistant Attorney General
Texas Bar No.24149596

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
SPECIAL LITIGATION DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100

COUNSEL FOR DEFENDANT MARTIN

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on May 28, 2026 and that all counsel of record were served by CM/ECF.

/s/ David Bryant
DAVID BRYANT

8