**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| L.M.L. AND K.G.S., on behalf of themselves and all those similarly situated, | |
| *Plaintiffs,* | CIVIL CASE NO. 1:26-CV-1170 |
| V. | |
| FREEMAN F. MARTIN, in his official capacity as Director of the Texas Department of Public Safety, | |
| *Defendant.* | |

**DEFENDANT MARTIN'S UNOPPOSED MOTION TO STAY PROCEEDINGS**
**IN DISTRICT COURT PENDING APPEAL**

Defendant Freeman F. Martin, in his official capacity as Director of the Texas Department of Public Safety, hereby moves to stay all proceedings in the District Court pending the outcome of the pending interlocutory appeal of this Court's Order of May 14, 2026. (ECF No. 55).

**I.    BACKGROUND**

Plaintiffs filed this action on May 4, 2026. (ECF No. 1). Plaintiffs immediately moved for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3) against enforcement of S. B. 4., a law passed by the Texas Legislature and signed into law on December 18, 2023. Plaintiffs also filed a motion for class certification on May 4. (ECF No. 5).

Defendant Martin filed a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 25). The District Court conducted a hearing on May 13, 2026. On the next day, May 14, the District Court entered its Order denying Defendant Martin's motion to dismiss for lack of subject matter jurisdiction; granting Plaintiffs' motion for preliminary injunction; and provisionally granting class certification. (ECF No. 55) (the "May 14 Order").

1

Defendant Martin filed a notice of interlocutory appeal of the May 14 Order to the Fifth Circuit Court of Appeals on May 18, 2026. (ECF No. 56). That interlocutory appeal is pending as Case No. 26-50418 in the Fifth Circuit Court of Appeals. Defendant Martin also moved on May 21 in the Fifth Circuit Court of Appeals to stay the District Court's preliminary injunction pending appeal. (Case No. 26-50418, ECF No. 13). The Fifth Circuit Court of Appeals granted a stay of the District Court's preliminary injunction pending appeal on May 29, 2026. (Case No. 26-50418, ECF No. 50).

## II.    ALL PROCEEDINGS IN THE DISTRICT COURT SHOULD BE STAYED PENDING APPEAL.

In his Motion to Dismiss for Lack of Subject Matter Jurisdiction, Defendant Martin argued that Plaintiffs lack standing; that Defendant Martin has sovereign immunity from suit and liability in this case and that the Eleventh Amendment to the United States Constitution bars this suit; and that this case presents non-justiciable political questions. The District Court denied each of these contentions and denied Defendant Martin's motion to dismiss for lack of subject matter jurisdiction in the May 14 Order. That denial of the motion to dismiss is now on appeal to the Fifth Circuit as Case No. 26-50418.

"It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). The matters to be reviewed by the Fifth Circuit Court of Appeals in Case No. 26-50418 include (but are not limited to) the subject matter jurisdiction of the District Court. Thus, the very ability of the District Court to exercise subject matter jurisdiction in this case is a "matter involved in the appeal" in this instance.

Where, as here, an appeal pertains to a state official defendant's claim of sovereign immunity as to all the plaintiffs' claims, the district court loses jurisdiction over all claims until the appellate court resolves the appeal. *See United States v. Paxton*, 148 F.4th 335, 340 (5th Cir. 2025). Similarly, an interlocutory appeal reviewing a denial of Eleventh Amendment immunity divests the district court of jurisdiction to proceed pending the decision of the appeal. *Whole Women's Health*

*v. Jackson*, 13 F. 4th 434, 446-47 (5ᵗʰ Cir. 2021); *see BancPass, Inc. v. Highway Toll Adm., LLC*, 863 F.3d 391, 398-400 (5ᵗʰ Cir. 2017), quoting *United States v. Dunbar*, 611 F. 2d 985, 987 (5th Cir. 1980) ("a notice of appeal . . . [gives] the appellate court sole jurisdiction and [d]ivests the district court of jurisdiction to proceed with the case."); *Lewis v. Hughs*, 2020 U. S. Dist. LEXIS 218268, 2020 WL 673426 (W. D. Tex. 2020) at \*\*2-3.

This is an application of the longstanding principle of *Griggs v. Provident Cons. Disc. Co.,* 459 U. S. 56, 58 (1982), which was applied by the Supreme Court recently in *Coinbase, Inc. v. Bielski*, 599 U. S. 736 (2023). As summarized by the Fifth Circuit:

> But this much is clear. Once a party appeals something a district court has done [ . . . .] the district court has zero jurisdiction to do anything that alters the case's status.

*In re Fort Worth Chamber of Commerce*, 100 F. 4th 528, 531 (5th Cir. 2024). *See Washington v. Lifesciences, LLC*, 2025 U. S. Dist. LEXIS 29047. 2025 WL 3092764 (5ᵗʰ Cir. 2025) at \*9.

Accordingly, this Court is divested of jurisdiction to proceed further with this case pending the resolution of the pending interlocutory appeal (Case No. 26-50418). Defendant Martin therefore respectfully requests that the Court enter its order staying all proceedings in this Court pending resolution of the pending interlocutory appeal (No. 26-50418).

Date: June 11, 2026

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**ROB FARQUHARSON**
Deputy Attorney General for Legal Strategy

**RYAN G. KERCHER**
Chief, Special Litigation Division
Texas Bar No. 24060998

Respectfully submitted.

**DAVID BRYANT**
Senior Special Counsel
Texas Bar No. 03281500

**ALEXIA BAKER**
Assistant Attorney General
Texas Bar No. 24149596

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
SPECIAL LITIGATION DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100

***Counsel For Defendant Freeman F. Martin, In His Official Capacity as Director of the Texas Department of Public Safety***

## CERTIFICATE OF CONFERENCE

I certify that I conferred regarding this matter via e-mail with Cody Wofsy, counsel for Plaintiffs, on June 10 and 11, 2026. Mr. Wofsy stated on June 11, 2026, that Plaintiffs do not oppose this motion but reserve the right to seek to dissolve the stay.

/s/ *David Bryant*
**DAVID BRYANT**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on June 11, 2026 and that all counsel of record were served by CM/ECF.

/s/ *David Bryant*
**DAVID BRYANT**